IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GREGORY LOYD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CIV-17-977-D |
| PAUL SALAZAR d/b/a RAS TRUCKING, *et al.*, | ) ) ) ) |
| Defendants. | ) ) |

# **ORDER**

Before the Court is Defendants Underwriters at Lloyd's London and Lloyd's Illinois, Inc.'s Motion to Dismiss [Doc. No. 12], filed pursuant to Fed. R. Civ. P. 12(b)(6) and, alternatively, Fed. R. Civ. P. 56.[1] The movants assert they are not proper parties to this action because Defendant RAS Trucking was not insured by Lloyd's Illinois, Inc. and because no direct action against Underwriters of Lloyd's, London as liability insurance carrier for RAS Trucking is authorized by the relevant Oklahoma Statutes. Defendants point out that Plaintiff does not allege RAS Trucking was licensed by the State of Oklahoma, as required for application of Okla. Stat. tit. 47, § 169 or § 230.30.

---

[1] The Motion also cites Fed. R. Civ. P. 12(b)(2) and (4), but this citation is unexplained except for conclusory statements in the supporting brief that "Lloyd's, London was misnamed in the Complaint and in the summons. As a result, service on it should be quashed." *See* Defs.' Mot. Dismiss [Doc. No. 12] at 14 (citing Fed. R. Civ. P. 1(b)(4) and (5)). This bare assertion, unsupported by any legal argument or authority, is insufficient to warrant dismissal for insufficient process or insufficient service of process. No assertion is made under Rule 12(b)(2) that personal jurisdiction is lacking. Thus, the Court considers only the Rule 12(b)(6) motion.

Plaintiff has filed no timely response to the Motion. Thus, the Court in the exercise of discretion under LCvR7.1(g) deems the Motion confessed. Further, for the reasons stated in the Motion, the Court finds that the Complaint fails to state a claim upon which relief can be granted against Defendants Underwriters of Lloyd's London and Lloyd's Illinois, Inc. The Motion need not be treated as for summary judgment under Rule 56 because the only extra-pleading material on which the movants rely is a copy of the insurance policy issued to RAS Trucking, which is central to the Complaint against these defendants. *See Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010); *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002); *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384-85 (10th Cir. 1997)

IT IS THEREFORE ORDERED that Defendants Underwriters at Lloyd's London and Lloyd's Illinois, Inc.'s Motion to Dismiss [Doc. No. 12] is GRANTED. The action against these defendants is dismissed, and the case shall proceed only against Defendants Raul Salazar d/b/a RAS Trucking and Robiet Leon Carrazana.

IT IS SO ORDERED this 1st day of December, 2017.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE