# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| GREGORY LOYD, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) Case No. CIV-17-977-D |
| RAUL SALAZAR d/b/a TRUCKING, *et al.*, | ) |
| Defendants. | ) |

## **O R D E R**

Before the Court is Defendants' Emergency Motion to Quash Notice of Deposition to Non-Party and Request for Protective Order [Doc. No. 25]. Defendants seek to prevent Plaintiff from deposing a claims adjuster, Terri Scott, who was employed by York Risk Services Group ("York") and investigated Defendants' insurance claim related to the motor vehicle accident in which Plaintiff was injured. Defendants assert "York's investigation of the [insurance] claim is privileged" and the information generated by the investigation is protected by the attorney work product doctrine of Fed. R. Civ. P. 26(b)(3)(A). *See* Mot. at 4. As the Court understands Defendants' argument, they contend the entire claim file compiled by Ms. Scott is privileged, and thus, deposing her about information in the file would disclose privileged matters. *See id*. at 6. Plaintiff has responded in opposition to the Motion, and denies that he intends to seek privileged information from Ms. Scott.

"The party seeking to assert a privilege has the burden of establishing its applicability." *Motley v. Marathon Oil Co.*, 71 F.3d 1547, 1550 (10th Cir. 1995); *accord*

*In re Grand Jury Proceedings*, 616 F.3d 1172, 1183 (10th Cir. 2010). "Unlike the attorney client privilege, the work product privilege is governed, even in diversity cases, by a uniform federal standard embodied in Fed. R. Civ. P. 26(b)(3)." *Frontier Ref., Inc. v. Gorman-Rupp Co.*, 136 F.3d 695, 702 n.11 (10th Cir. 1998) (internal quotation omitted). This rule generally protects from disclosure documents "prepared in anticipation of litigation or for trial" by a party's attorney or other representative. *See* Fed. R. Civ. P. 26(b)(3)(A). "Rule 26(b)(3) prevents discovery of an attorney's work product unless (1) the discovering party can demonstrate substantial need for the material and (2) the discovering party is unable to obtain the substantial equivalent of the material by other means without undue hardship." *Frontier Ref.*, 136 F.3d at 704 (footnote omitted).

Upon consideration, the Court finds that Defendants have failed to establish their claim of privilege with respect to all information compiled by Ms. Scott or contained in York's claim file. To the contrary, Defendants admit in their argument that "Ms. Scott's knowledge was obtained only through the ordinary course of her business as an insurance claims handler." *See* Mot. at 5. Not all documents or information routinely compiled by an insurance claim adjuster is prepared in anticipation of litigation. Clearly, routine business matters and claim-processing tasks take place with respect to every insurance claim, regardless whether litigation will ensue. Defendants make no effort to connect a particular task performed by Ms. Scott, or particular information that she gathered for York, to a belief that *this claim* would result in litigation.

Defendants' Motion and supporting brief provide no basis for the Court to determine that all information Ms. Scott has about the insurance claim related to the subject is

attorney work product. Therefore, the Court finds that Defendants have failed to show that Plaintiff's notice of deposition of Ms. Scott should be quashed.

IT IS THEREFORE ORDERED that Defendants' Emergency Motion to Quash Notice of Deposition to Non-Party and Request for Protective Order [Doc. No. 25] is DENIED.

IT IS SO ORDERED this 6th day of July, 2018.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE