IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| GREGORY LOYD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-17-977-D |
| | ) | |
| RAUL SALAZAR d/b/a RAS TRUCKING, *et al.*, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

# **ORDER**

Before the Court is Motion for Rule 54(b) Order of Judgment [Doc. No. 57], filed by Defendant AgSource, Inc. (ASI) pursuant to Fed. R. Civ. P. 54(b). ASI proposes that the Court enter a final judgment on Plaintiff's negligence claim against it, allowing negligence claims against the remaining defendants to proceed separately. Although not expressly stated in the Motion, the result would be to require Plaintiff to take an immediate appeal from the Order of September 20, 2019 [Doc. No. 55], dismissing his action as to ASI only. Plaintiff has filed a response [Doc. No. 59] in opposition to the Motion, which is fully briefed.

The Tenth Circuit has held that Rule 54(b) "certification is appropriate only when the district court adheres strictly to the rule's requirement that a court make two express determinations." *Stockman's Water Co., LLC v. Vaca Partners, L.P.*, 425 F.3d 1263, 1265 (10th Cir. 2005) (internal quotation omitted) (emphasis omitted). "First, the district court must determine that its judgment is final." *Id*. (citing *Curtiss-Wright Corp. v. Gen. Elec.*

*Co.*, 446 U.S. 1, 7 (1980)). A judgment is "final" for purposes of Rule 54(b) when it represents "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Curtiss-Wright*, 446 U.S. at 7. In this case, Plaintiff "does not dispute that ASI's claim is separate and distinct from his remaining claims . . . , and the Court's Order constituted a final judgment of the only claim against ASI." *See* Pl.'s Resp. Br. at 4.

"Second, the district court must determine that no just reason for delay of entry of its judgment exists." *Stockman's*, 425 F.3d at 1265 (citing *Curtiss-Wright*, 446 U.S. at 8). The court of appeals has instructed district courts as follows:

> In making these determinations, the district court should act as a "dispatcher" weighing Rule 54(b)'s policy of preventing piecemeal appeals against the inequities that could result from delaying an appeal. Factors the district court should consider are whether the claims under review are separable from the others remaining to be adjudicated and whether the nature of the claims already determined are such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals.

*Id.* (internal quotations and citations omitted). The sole disputed issue presented by ASI's Motion – on which the opposing parties strongly disagree – is whether there is no just reason for delaying the entry of a separate judgment on Plaintiff's claim against ASI. Although this may be a close question, ASI fails to persuade the Court that an immediate entry of judgment on only one of Plaintiff's claims is appropriate.[1]

---

[1] Ordinarily, the movant is a party desiring to take an immediate appeal, and the required showing must "overcome the normal rule that no appeal be heard until the entire case has been completed." *See* 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2659, at 106 (4th ed. 2014).

In the September 20 Order which is the subject of ASI's Motion, the Court dismissed Plaintiff's negligence claim against ASI as preempted by federal law. By this claim, Plaintiff sought to hold ASI liable, together with other alleged tortfeasors, for personal injuries he suffered in a highway trucking accident. Plaintiff originally sued the driver of the truck hauling a load of freight, the driver's employer, and the employer's insurers. The Court allowed Plaintiff to add ASI as a defendant after discovery revealed ASI's identity as the freight broker. The Court determined that permissive joinder under Rule 20 was appropriate to promote federal "policies of judicial efficiency, convenience, consistency, and fairness." *See* 7/9/18 Order [Doc. No. 32] at 3. The Court expressly found that the joinder of all defendants connected to the accident in one lawsuit would "permit the orderly pursuit of all logically-related claims in one case and avoid duplicative litigation." *Id*.

In the Court's view, allowing an immediate appeal of one of several negligence claims that seek to impose liability on multiple defendants for a single indivisible injury, would have the opposite effect. Although Plaintiff's theory of ASI's liability is separate and distinct from his negligence claims against other defendants, and although only ASI has asserted a defense of federal preemption, Plaintiff's damages were allegedly caused jointly by the conduct of all defendants. Thus, the Court finds that the claim for which ASI seeks immediate finality is not separable from Plaintiff's claims against other defendants that remain pending for adjudication.

Further, ASI argues only its view that inequity would result if it must wait to "learn whether Plaintiff actually appeals the preemption ruling" and, if Plaintiff appeals, whether

it must defend the litigation on the merits. *See* Reply Br. [Doc. No. 60] at 3-4. But the prospect of subsequent, duplicative litigation does not hinge on *when* an appeal of the Court's preemption ruling is decided. Requiring Plaintiff to take an immediate appeal will not eliminate the possibility of subsequent litigation if this case proceeds to judgment while the appeal is pending.[2] The danger of piecemeal appeals arises from the nature of Plaintiff's claims and his injury; it is not eliminated by requiring Plaintiff to appeal now rather than later. Only a stay of the remaining claims during an immediate appeal would avoid the prospect that Plaintiff might have to litigate his case twice and that inconsistent judgments might be reached.[3]

On the other hand, it is quite possible that delaying an appeal could benefit ASI. If the litigation proceeds to a conclusion and Plaintiff's claims against other defendants are satisfied – whether resolved through trial or settlement – then Plaintiff may have no need to pursue a claim against ASI because he cannot obtain a duplicative recovery of the same damages a second time. ASI's position that the appeal raises only a discrete issue of federal preemption and should be finally resolved without delay, disregards the unfairness to Plaintiff of requiring a premature choice. If a judgment is entered now on the September 20

---

[2] Unless the remaining case is stayed during an appeal, it is likely that a disposition of Plaintiff's claims against the other defendants will have occurred before the appeal is decided. Under the existing case schedule, dispositive and Daubert motions are due in February 2020; discovery must be completed by March 2020; and trial submissions are due in April 2020. *See* Second Am. Sched. Order [Doc. No. 58]. On the other hand, it is unlikely an appeal could be decided quickly because novel legal questions (discussed in the September 20 Order) would be presented and oral argument likely would be needed.

[3] Without a stay pending appeal, Plaintiff would have to pursue his claims against fewer than all possible defendants and relitigate a second time after his appeal, if it is successful, his related claim against ASI involving common questions of causation and damages.

Order, Plaintiff would need to take an immediate appeal or forfeit the right to do so, and if he takes an appeal, he would need to decide whether to request a stay of the remaining case or proceed to trial. The Court finds that creating a situation where Plaintiff must choose to either simultaneously pursue an appeal and the remaining claims, or possibly wait another year to litigate his case regarding an injurious accident that occurred in 2016, is unfairly prejudicial to Plaintiff and other defendants (if the case is delayed and evidence becomes stale), and should be avoided.

For these reasons, the Court finds that ASI has failed to establish there is no just reason to delay the finality of the September 20 Order, and denies ASI's request for entry of a final judgment under Rule 54(b).

IT IS THEREFORE ORDERED that Defendant ASI's Motion for Rule 54(b) Order of Judgment [Doc. No. 57] is DENIED.

IT IS SO ORDERED this 21st day of November, 2019.

TIMOTHY D. DeGIUSTI
Chief United States District Judge