IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GREGORY LOYD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-17-977-D |
| | ) |
| RAUL SALAZAR d/b/a RAS TRUCKING, *et al.*, | ) |
| | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

Before the Court is the Motion for Partial Summary Judgment for Punitive Damages and on Grounds of Negligent Entrustment [Doc. No. 71], filed by Defendants Raul Salazar d/b/a RAS Trucking and Robiet Leon Carrazana pursuant to Fed. R. Civ. P. 56.[1] Plaintiff Gregory Loyd has filed a timely response [Doc. No. 89] in opposition to the Motion, and Defendants have replied [Doc. No. 95]. The Motion is fully briefed and at issue.

Plaintiff brings a common law negligence action under federal diversity jurisdiction to recover damages for personal injuries suffered in a motor vehicle accident. Defendant Salazar (doing business as RAS Trucking) was a federally licensed motor carrier who employed the driver involved in the accident, Defendant Carrazana. Plaintiff claims that Carrazana's negligent operation of a semi-trailer truck caused the accident, that Carrazana's conduct was sufficiently reckless to warrant both compensatory and punitive

---

[1] These are the only remaining defendants. *See* 12/1/17 Order [Doc. No. 13] (dismissing Defendants Lloyd's Illinois, Inc. and Underwriters at Lloyd's London); 9/20/19 Order [Doc. No. 55] (dismissing Defendant AG Source, Inc.).

damages, and that Salazar has *respondeat superior* liability for Carrazana's conduct. *See* Am. Compl. [Doc. No. 33], ¶¶ 12-18.  Plaintiff also claims that Salazar negligently entrusted his vehicle to Carrazana and that Salazar's conduct was sufficiently reckless to warrant compensatory and punitive damages. *Id.* ¶¶ 19-21.  Salazar has effectively conceded vicarious liability for Carrazana's negligence, if any, by admitting Carrazana was acting within the scope of his employment with Salazar.  *See* Answer [Doc. No. 36], ¶ 7.

Defendants first assert in support of their Motion that Salazar cannot be held liable for negligent entrustment as a matter of law.  They rely on a principle of Oklahoma law holding that a direct theory of employer liability, such as negligent hiring, supervision, or retention, is not available where vicarious liability is admitted.  *See* Defs.' Mot. Summ. J. at 4-6 (discussing *Jordan v. Cates*, 935 P.2d 289, 293 (Okla. 1997), and like cases).  More recently, however, the Oklahoma Supreme Court has allowed a negligent entrustment claim to proceed despite a stipulation of *respondeat superior* liability.  *See Fox v. Mize*, 428 P.3d 314, 322 (Okla. 2018).  Acknowledging this legal development, Defendants also argue that Plaintiff lacks facts and evidence to prove negligent entrustment.  *See* Defs.' Mot. at 7.  Further, Defendants assert that Plaintiff lacks factual support for an award of punitive damages under Okla. Stat. tit. 23, § 9.1, which requires, at a minimum, clear and convincing proof of reckless conduct.[2]

---

[2] Defendants also assert that Oklahoma's punitive damages statute is unconstitutional, facially and as applied, if a jury is permitted to determine an amount of a punitive damages based on harm to others.  This argument is not properly presented.  *See* 28 U.S.C. § 2403; Fed. R. Civ. P. 5.1.  Thus, the Court does not address the issue in this Order.

## Standard of Decision

Summary judgment is proper "if the movant shows there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is genuine if the evidence is such that a reasonable jury could return a verdict for either party. *Id.* at 255. All facts and reasonable inferences must be viewed in the light most favorable to the nonmoving party. *Id.* If a party who would bear the burden of proof at trial lacks evidence to prove an essential element of a claim, all other factual issues concerning the claim become immaterial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The movant bears the initial burden of demonstrating the absence of a dispute of material fact warranting summary judgment. *Celotex*, 477 U.S. at 322-23. If the movant carries this burden, the nonmovant must then go beyond the pleadings and "set forth specific facts" that would be admissible in evidence and show a genuine issue for trial. *See Anderson*, 477 U.S. at 248; *Celotex*, 477 U.S. at 324; *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998). "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Adler*, 144 F.3d at 671; *see* Fed. R. Civ. P. 56(c)(1)(A). "The court need consider only the cited materials, but it may consider other materials in the record." *See* Fed. R. Civ. P. 56(c)(3). The Court's inquiry is whether the facts and evidence identified by the parties present "a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

**Undisputed Facts**

Plaintiff was injured in a highway traffic accident that occurred in southwestern Oklahoma on December 24, 2016, in which his vehicle collided with a loaded semi-truck driven by Carrazana. Carrazana was employed by Salazar on that date, and he held a valid commercial driver's license (CDL) from the State of Florida. Carrazana had obtained the license seventeen days earlier on December 7, 2016, and he obtained a Texas CDL a short time later on December 29, 2016. It is undisputed that Carrazana was acting within the scope of his employment by Salazar when the accident occurred.

At the time of the accident, Carrazana was turning left from an eastbound lane of U.S. Highway 62 onto another highway. Plaintiff was driving his vehicle westbound on Highway 62. Making the left-hand turn required Carrazana to cross the westbound lanes of travel. Before Carrazana had completed his turn and cleared the intersection with the semi-trailer of his truck, Plaintiff's vehicle entered the intersection and collided with a rear part of the trailer that was blocking Plaintiff's lane. At the time of the accident, there was an occurrence of dense fog that limited visibility near the intersection. Carrazana was driving the truck with its hazard lights activated. Although the speed limit on Highway 62 was 70 miles per hour, there is testimony to suggest that weather conditions may have prevented vehicles from safely traveling at the usual rate of speed at the time of the accident. Plaintiff was traveling at 72 miles per hour three seconds before the collision.

On the date of the accident, Carrazana was hauling a load of sand from Midland, Texas, to Weatherford, Oklahoma. He has testified that he had not driven in dense fog before that date. Carrazana has also testified that he did not see Plaintiff's vehicle before

executing the left turn. As a result of the accident, Carrazana received a traffic citation for executing an improper turn and violating a vehicle weight limit (more than 5,000 pounds over on an axle or axle group). He later pleaded guilty only to the weight violation.

Carrazana moved to Texas from Cuba six months before the accident. While residing in Texas, he visited Florida for two weeks, attended a truck driving school, and obtained the Florida CDL that he held at the time of the accident. Carrazana's deposition was taken in English with assistance from an interpreter; he can read some English but is not proficient enough to understand written federal safety regulations. Carrazana applied for his first job in the United States, a driver position with Salazar, approximately one week after obtaining his Florida license. In the written application for employment, Carrazana did not provide any prior job history, and the application did not ask for information about his driving qualifications or training. Salazar has testified that he inquired into Carrazana's driving record by placing a telephone call to the Florida truck driving school and that he supplied Carrazana's license information to his insurance company so Carrazana's driving record could be checked; however, Carrazana was not added to the policy as a driver. Salazar did not provide Carrazana with any additional training or written instruction.

## Discussion

### A.   Negligent Entrustment

Salazar challenges Plaintiff's negligence claim against him as barred by Oklahoma law and lacking factual support. Plaintiff points out in his response that following *Fox v. Mize*, 428 P.3d 314, 322 (Okla. 2018), an admission of *respondeat superior* liability does not prevent a plaintiff from pursuing direct liability for negligent entrustment. *See* Pl's

5

Resp. Br. at 14.³ Apparently conceding this point, Salazar focuses his argument on Plaintiff's alleged lack of evidence to prove negligent entrustment. *See* Reply Br. at 7-10. The Court finds that Salazar correctly narrows his quest for summary judgment to the facts of Plaintiff's claim, and considers only this issue.⁴

Liability for negligent entrustment of a vehicle may be imposed only when the following elements are established: (1) a person who owns or has possession and control of a motor vehicle allowed another driver to operate the vehicle; (2) the person knew or reasonably should have known that the other driver was careless, reckless, and incompetent; and (3) an injury was caused by the careless and reckless driving by the operator of the vehicle. *See Green v. Harris*, 70 P.3d 866, 871 (Okla. 2003); *accord Sheffer v. Carolina Forge Co.*, 306 P.3d 544, 548 (Okla. 2013) ("Negligent entrustment of an automobile occurs when the automobile is supplied . . . for the use of another whom the supplier knows, or should know, because of youth, inexperience, or otherwise, is likely to use it in a manner involving unreasonable risk of bodily harm to others, with liability for

---

³ In *Fox*, the Oklahoma Supreme Court distinguished *Jordan v. Cates*, 935 P.2d 289 (Okla. 1997), and "conclude[d] that an employer's liability for negligently entrusting a vehicle to an unfit employee is a separate and distinct theory of liability from that of an employer's liability under the respondeat superior doctrine." *Fox*, 428 P.3d at 322. *Fox* teaches that "[a]n employer's stipulation that an accident occurred during the course and scope of employment does not, as a matter of law, bar a negligent entrustment claim." *Id*.

⁴ To the extent that Plaintiff also argues in favor of a claim of negligent hiring, training, or supervision, the Court finds that his arguments are contrary to both his Amended Complaint (which pleads only a claim of negligent entrustment against Salazar, *see* Am. Compl., ¶¶ 19-21) and Oklahoma law as established by *Jordan* and decisions of this Court. *See*, *e.g.*, *Sinclair v. Hembree & Hodgson Constr., LLC*, Case No. CIV-18-938-D, 2020 WL 3965010, *2-3 & n.4 (W.D. Okla. July 13, 2020) (unpublished) (holding that *Jordan* remains good law after *Fox* and stipulation of vicarious liability barred negligent hiring, training, and supervision claim).

the harm caused thereby."); *see also Fox*, 428 P.3d at 320 ("Negligent entrustment requires proof that an individual supplies a chattel for the use of another whom the supplier knows or should know is likely to use the chattel in a way dangerous and likely to cause harm to others."). "The question of negligent entrustment is one of fact for the jury, and may be proven by circumstantial as well as positive or direct evidence." *Green*, 70 P.3d at 871.

Here, although ownership of the semi-truck that Carrazana was operating at the time of the accident is not shown, it is undisputed that Salazar had possession and control of it to the extent that he assigned Carrazana to drive it and use it to haul a heavy load. Plaintiff presents no facts or evidence to show Carrazana had a propensity for reckless or careless driving that Salazar should have known but, instead, focuses on Carrazana's alleged inexperience and incompetence due to his status as a newly licensed commercial driver and unfamiliarity with federal motor vehicle regulations. Plaintiff faults Salazar for failing to "properly qualify" Carrazana and using an "ignorance-is-bliss theory" of operation. *See* Pl.'s Resp. Br. at 14-15, 16. Further, to establish a causal link between his injury and Carrazana's alleged incompetence as a driver, Plaintiff points to facts and evidence that Carrazana had no experience with driving in dense fog and did not know that federal motor regulations required him to stop if impaired visibility prevented safe driving.

Upon careful consideration of the summary judgment record, viewed in the light most favorable to Plaintiff as required by Rule 56, the Court finds that a genuine dispute of material facts precludes summary judgment on the claim of negligent entrustment. Plaintiff has presented minimally sufficient facts from which reasonable jurors could find that Salazar did not conduct a reasonable inquiry into Carrazana's qualifications and

training, or otherwise take reasonable action to ensure that Carrazana was sufficiently qualified and trained, before assigning Carrazana to drive a heavily loaded semi-truck in foggy conditions. The reasonableness of Salazar's conduct to determine that Carrazana was competent to perform the driving job is reasonably subject to different conclusions and must be resolved by a trier of fact.

Therefore, the Court finds that Defendants are not entitled to summary judgment on Plaintiff's negligent entrustment claim.

**B.     Punitive Damages**

Defendants also seek a summary judgment ruling on the issue of whether punitive damages are available on Plaintiff's claims of driver negligence and negligent entrustment under the facts shown by the existing record. The parties agree that the issue is governed by Oklahoma's punitive damages statute and, specifically, a provision authorizing an award upon clear and convincing evidence that "the defendant has been guilty of reckless disregard for the rights of others." *See* Okla. Stat. tit. 23, § 9.1(B)(1). Defendants contend the evidence is insufficient to establish that either of them acted with reckless disregard for others' rights, as required by § 9.1(B).

Under Oklahoma law, the Court serves as a gatekeeper and has a "responsibility to determine whether any competent evidence exists which would warrant submission of the question of punitive damages to the jury." *See Estrada v. Port City Prop. Inc.*, 258 P.3d 495, 503-04 (Okla. 2011) (emphasis omitted); *see also Badillo v. Mid Century Ins. Co.*, 121 P.3d 1080, 1106 (Okla. 2005). The Court performs its inquiry using the appropriate

8

standard stated in the Oklahoma Uniform Jury Instructions, which would guide a jury's determination of the issue of punitive damages. Instruction 5.6 provides in pertinent part:

> The conduct of [Defendant] was in reckless disregard of another's rights if [Defendant] was either aware, or did not care, that there was a substantial and unnecessary risk that [his/her/its] conduct would cause serious injury to others. In order for the conduct to be in reckless disregard of another's rights, it must have been unreasonable under the circumstances, and also there must have been a high probability that the conduct would cause serious harm to another person.

Okla. Unif. Civil Jury Instr. 5.6 (available at https://www.oscn.net/applications/oscn/DeliverDocument.asp?CiteID=73977). In light of the Court's determination that Salazar's alleged negligence must be submitted to the jury, and the parties' implicit agreement that Carrazana's negligence is a jury issue, the Court finds that a jury must also decide the issue of whether the degree of Defendants' negligence, if any, could be considered reckless. *See*, *e.g.*, *Fox v. Okla. Mem'l Hosp.*, 774 P.2d 459, 462 (Okla. 1989) ("Issues of negligence and the degrees thereof are questions for the trier of fact.").

First, regarding Carrazana's alleged negligence, Defendants focus on the fact that Carrazana admitted he did not see Plaintiff's vehicle when executing his left turn, and argue that the facts show mere inadvertence by an inexperienced driver under adverse weather conditions. *See* Reply Br. at 3-4, 6-7. However, viewing the facts and evidence in the light most favorable to Plaintiff, the Court finds that reasonable minds could differ on whether Carrazana acted in a reckless manner by executing a left-hand turn of his vehicle in dense fog at a highway intersection, which required the full length of a heavily loaded semi-trailer to clear the intersection in time to avoid blocking oncoming lanes of traffic traveling at highway speeds. Further, the Court finds that a reasonable person could

conclude from the evidence of record that Salazar was indifferent to the consequences of his actions, or demonstrated reckless disregard of others, when he entrusted a heavily loaded semi-truck to a newly licensed, newly hired driver after only a cursory investigation of the driver's qualifications.  Considering the obvious danger to the public presented by the operation of the semi-truck by a novice commercial driver who was incompetent to perform the job, if that is the jury's finding, the Court finds that the availability of punitive damages presents a factual issue to be determined by the jury.

## Conclusion

For these reasons, the Court finds that genuine disputes of material facts preclude summary judgment on Plaintiff's negligent entrustment claim and punitive damages issues.

IT IS THEREFORE ORDERED that Defendants' Motion for Partial Summary Judgment for Punitive Damages and on Grounds of Negligent Entrustment [Doc. No. 71] is DENIED.

IT IS SO ORDERED this 7th day of December, 2020.

TIMOTHY D. DeGIUSTI
Chief United States District Judge