IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GREGORY LOYD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-17-977-D |
| ) | |
| RAUL SALAZAR d/b/a RAS TRUCKING, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

**O R D E R**

Before the Court is Defendants Raul Salazar d/b/a RAS Trucking and Robiet Leon Carrazana's Motion in Limine to Exclude Expert Testimony from Treating Provider, Dr. Brett Barnes [Doc. No. 74]. Defendants assert that Dr. Barnes "should not be permitted to offer expert testimony at trial" because he failed to provide "a written expert report as required by Fed. R. Civ. P. 26(a)(2)(B)." *See* Motion at 1. Plaintiff has filed a timely response [Doc. No. 91] in opposition to the Motion, and Defendants have replied [Doc. No. 93]. The Motion is fully briefed and at issue.[1]

**Factual Background**

This negligence action concerns Plaintiff's personal injuries from a motor vehicle accident. The underlying facts are fully set forth in the Order of December 7, 2020 [Doc. No. 96], denying summary judgment to Defendants. As pertinent here, it is undisputed that

---

[1] Defendants have filed a separate *Daubert* motion to exclude testimony of two physicians who will testify as Plaintiff's expert witnesses, which motion will be addressed by a separate order.

Plaintiff received serious injuries in the accident that required emergency medical treatment, surgery, hospitalization, inpatient rehabilitative care, and outpatient physical and occupational therapy. Over the course of his treatment, Plaintiff received both surgical repair of bone fractures in his right ankle and leg and surgical removal of some hardware that was implanted. Dr. Barnes was one of Plaintiff's treating physicians and his orthopedic surgeon. The sole issue raised by Defendants' Motion is whether Dr. Barnes should be permitted to provide expert testimony regarding Plaintiff's injuries, treatment, and future medical needs in light of the fact that Plaintiff did not disclose a written report from Dr. Barnes under Rule 26(a)(2)(B) and allegedly provided an insufficient summary of Dr. Barnes' expected expert testimony under Rule 26(a)(2)(C).[2]

## Standard of Decision

Although not cited by Defendants, their Motion is governed by Rule 37(c) regarding sanctions for a party's failure to disclose information required by Rule 26(a). Specifically, a party who fails to provide information "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999); *see Neiberger v. Fed Ex Ground Package Sys., Inc.*, 566 F.3d 1184,

---

[2] Defendants include in their Motion a list of topics that allegedly would cross the line from lay testimony to expert opinions from Dr. Barnes, including any "[c]onditions which he personally did not witness" and "reliance on other physician's records." *See* Motion at 9. Under the circumstances, the Court finds no need to undertake the difficult task of creating a categorial list of permissible testimony by a fact witness with medical knowledge.

1191-92 (10th Cir. 2009); *Jacobsen v. Deseret Book Co*. 287 F.3d 936, 953 (10th Cir. 2002).

The "substantially "justified" standard appears in other discovery rules authorizing sanctions. *See*, *e.g.*, Fed. R. Civ. P. 37(a)(5)(A)(ii). According to the Supreme Court, the proper test under this standard is whether "there is a 'genuine dispute,' or if reasonable people could differ as to the appropriateness of the contested action." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citations omitted). "Substantially justified" connotes "justified to a degree that could satisfy a reasonable person." *Id.*; *see Sun River Energy, Inc. v. Nelson*, 800 F.3d 1219, 1227 (10th Cir. 2015). Further, the court of appeals has identified the following factors to guide a district court's exercise of discretion in deciding whether to exclude undisclosed evidence:

> (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the [violating] party's bad faith or willfulness.

*Woodworker's Supply*, 170 F.3d at 993; *Jacobsen*, 287 F.3d at 953. Regarding prejudice that may warrant the exclusion of a party's expert witness, the court of appeals has held that the proper focus of the "cure" factor is prejudice to the opposing party's ability to effectively prepare for or otherwise address the substance of a missing or inadequate expert report. *See Jacobsen*, 287 F.3d at 953-54; *see also Gillum v. United States*, 309 F. App'x 267, 270 (10th Cir. 2009).

**Discussion**

The first question presented by Defendant's Motion is whether a Rule 26(a)(2) violation occurred. As pertinent here, an expert witness must prepare and sign a written report "if the witness is one retained or specially employed to provide expert testimony in the case." *See* Rule 26(a)(2)(B).[3] Dr. Barnes was not retained or specially employed to provide expert testimony; he simply served as Plaintiff's treating physician. Thus, Plaintiff was not required to produce a written report prepared by Dr. Barnes when disclosing him as an expert witness under Rule 26(a)(2)(A).

However, when an expert witness is not required to provide a written report, the sponsoring party's expert disclosure must state information required by Rule 26(a)(2)(C):

> (i)  the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703 or 705; and
> (ii)  a summary of the facts and opinions to which the witness is expected to testify.

Plaintiff expressly identified Dr. Barnes as an expert witness subject to this provision, and provided the following disclosure regarding his expert testimony:

> Dr. Barnes will testify concerning his examinations, evaluations, testing, diagnosis, and treatment of [Plaintiff] in accordance with the medical records [Plaintiff] produced to Defendants throughout discovery, his medical examinations and evaluations of [Plaintiff], including testing, diagnosis, and treatment rendered by other medical providers that Dr. Barnes considered during the course and scope of his treatment of [Plaintiff]. Dr. Barnes will also provide expert testimony that the injuries described in those medical records were caused by the motor vehicle accident at issue in this case; that all medical examinations, evaluations, testing, diagnosis, and treatment reflected in the medical records were reasonable and necessary.

---

[3] An expert report is also required if the witness is a party's employee whose job duties "regularly involve giving expert testimony." *Id*.

*See* Pl.'s Expert Witness List [Doc. No. 64] at 2. Some subjects described in this summary suggest a factual account of Dr. Barnes' treatment of Plaintiff, but some clearly call for expert opinions (*e.g.*, causation and standard of care). In his brief, Plaintiff also suggests Dr. Barnes will cover additional topics, such as future medical treatment. *See* Resp. Br. at 4 ("Dr. Barnes will testify to the necessity of [additional surgical] removal of this remaining hardware").

Upon consideration, the Court finds that Plaintiff's disclosure of Dr. Barnes' expert testimony is insufficient to satisfy Rule 26(a)(2)(C). From the arguments presented in Plaintiff's brief, it appears that he did not disclose all subject matters on which he expects Dr. Barnes to provide expert opinion testimony, and Plaintiff's disclosure did not summarize the opinions to which Dr. Barnes is expected to testify. Thus, the Court finds that Plaintiff failed to provide an adequate expert disclosure regarding Dr. Barnes.

The question then becomes whether Dr. Barnes should be barred from testifying as an expert witness at trial. To reach an affirmative answer to this question, the Court must determine both that Plaintiff's inadequate disclosure of Dr. Barnes' expert testimony was not substantially justified and that it was prejudicial to Defendants.

Defendants provide no information that would support a determination in their favor on either issue. Defendants do not contend Plaintiff's disclosure was unreasonable under the circumstances – where Plaintiff had previously produced his medical records, including Dr. Barnes' records – or that Plaintiff or his counsel acted in bad faith or for an improper reason. Indeed, Plaintiff responded to Defendants' Motion by offering to supplement his disclosure "to identify Dr. Barnes's opinions, most of which are already summarized in

5

Dr. Livingston's report." *See* Resp. Br. at 5. Perhaps more importantly, Defendants make no claim of unfair prejudice, surprise, or inability to cure the inadequate disclosure. In fact, given the current backlog of cases awaiting trial when civil jury trials can resume in this district under COVID-19 protocols, Defendants should have ample time to discover any information they believe is necessary to properly test or counter the expert opinions that Dr. Barnes may give. Defendants do not address the issue of prejudice at all, and make no argument why the severe sanction of excluding Dr. Barnes' testimony should be imposed. *See* Reply Br. at 5 (arguing Plaintiff has the burden to show Dr. Barnes should be permitted to testify as an expert). Therefore, the Court finds that Defendants' request to exclude Dr. Barnes as an expert witness due to Plaintiff's untimely disclosure of his expert opinions should be denied.

## Conclusion

For these reasons, the Court finds that Dr. Barnes should not be precluded from testifying as an expert witness for Plaintiff. Instead, Plaintiff will be required to comply with Rule 26(a)(2)(C) by providing a summary of expert opinions to which Dr. Barnes is expected to testify. Further, Defendants will be granted additional time to conduct any relevant discovery that is reasonably necessary under the circumstances.[4]

IT IS THEREFORE ORDERED that Defendants' Motion in Limine to Exclude Expert Testimony from Treating Provider, Dr. Brett Barns [Doc. No. 74] is DENIED.

---

[4] The Court anticipates that counsel will engage in good faith, cooperative efforts to carry out the directions of this Order. However, should any disagreement arise regarding whether Plaintiff's disclosure satisfies Rule 26(a)(2)(C) or whether Defendants' discovery is reasonably necessary, the Court reminds counsel of their obligations under LCvR37.1 to conduct an informal conference to settle discovery disputes.

IT IS FURTHER ORDERED that Plaintiff is directed to file a supplemental disclosure regarding Dr. Barnes' expert testimony within 30 days from the date of this Order and that Defendants are authorized to conduct additional discovery regarding such supplemental disclosure within 45 days from the date of Plaintiff's filing.

IT IS SO ORDERED this 5th day of March, 2021.

*[signature]*

TIMOTHY D. DeGIUSTI
Chief United States District Judge