IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GREGORY LOYD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-17-977-D |
| | ) |
| RAUL SALAZAR d/b/a RAS TRUCKING, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**O R D E R**

Before the Court for consideration are Plaintiff's Motion in Limine [Doc. No. 118] and Defendants' Omnibus Motion in Limine [Doc. No. 114], both of which are fully briefed.[1]

In this diversity case, Plaintiff Gregory Loyd claims that Defendants Robiet Leon Carrazana and Raul Salazar were negligent in their conduct, respectively, of driving a heavily loaded semi-trailer truck in dense fog and of entrusting the truck to an unqualified driver. The trial issues are framed by the Order of December 7, 2020 [Doc. No. 96], denying summary judgment, and the Final Pretrial Report [Doc. No. 123], which is subject to revision but states the parties' contentions. The parties seek pretrial rulings on the admissibility of anticipated evidence for the jury trial set on the Court's August 2021 docket. Upon consideration of the issues, the Court makes the following determinations.

---

[1] Each party filed a response brief [Doc. Nos. 125 & 127], and Defendants filed a reply [Doc. No. 131].

A. **Plaintiff's Motion in Limine**

Plaintiff moves to exclude certain categories of evidence that Defendants may offer. Plaintiff's brief and Defendants' response present the following contested issues.[2]

1. **Opinion Testimony by Lay Witnesses**

Plaintiff expects Defendants to elicit opinion testimony from lay witnesses – two troopers employed by the Oklahoma Highway Patrol and Plaintiff's wife – regarding the drivers' respective fault and causation of the motor vehicle accident. Plaintiff contends such testimony is inadmissible under Fed. R. Evid. 701. Defendants agree that the troopers will not be testifying as expert witnesses, but assert that "lay hypotheticals regarding Plaintiff's speed should not be excluded." *See* Resp. Br. at 2. Defendants argue that "these questions would be grounded on the witnesses' common lay experience as drivers" and that a vehicle driver "can opine as to whether a particular speed is dangerous under the condition of fog." *See* Resp. Br. at 2.[3]

As framed by the parties' arguments, the Court views the issue to be whether the parties can ask lay witnesses to give their personal opinions about the degree to which adverse weather and driving conditions at the time of the accident affected a safe driving

---

[2] One category to which Plaintiff objects – evidence of when he retained counsel – is not contested; Defendants state they do not intend to broach this topic. Thus, the Court finds this part of Plaintiff's Motion is moot.

[3] Defendants address in their Motion the testimony of one of the troopers, Mitchel Witt; they seek to prohibit Plaintiff from eliciting opinion testimony from Trooper Witt regarding causation of the accident. Defendants primarily argue that Trooper Witt is not an expert witness in this case and should not provide expert opinion testimony. *See* Defs.' Mot at 15-22. Plaintiff agrees that Trooper Witt will not be presented as expert witness and states he does not intend to elicit expert testimony. *See* Pl.'s Resp. Br. at 12. Thus, the Court finds that this part of Defendants' Motion is moot.

speed. Rule 701 permits lay opinion testimony if it is "rationally based on the perception of the witness" and "helpful to . . . the determination of a fact in issue." To the extent that defense counsel elicits opinions about a safe driving speed (which is a disputed fact) from individuals who are licensed drivers, were present at the scene of the accident, and had a sufficient opportunity to observe relevant weather and driving conditions, the Court finds that the witnesses' testimony is admissible under Rule 701.[4] Therefore, Plaintiff's Motion to exclude this type of testimony is denied.

## 2. Speculative Testimony

Again relying on Rule 701, Plaintiff asserts that any examination of witnesses calling for speculative opinions about fault and causation should be prohibited because a jury's decision "must be based upon probabilities, not possibilities[,] . . . speculation or guesswork." Pl.'s Mot. at 8 (quoting Okla. Unif. Jury Instr., § 3.3). Plaintiff objects specifically to any questions about "how this accident could have possibly been prevented." *Id*. (emphasis omitted). Defendant objects to Plaintiff's request for an "overbroad order" that would bar opinion testimony that is admissible under Rule 701. *See* Resp. Br. at 5-6.

The Court finds that Plaintiff seeks a categorical ruling that would not provide meaningful guidance for witness examinations at trial. The admissibility of a particular opinion that a lay witness may be asked to give, will depend on the trial evidence and the

---

[4] It is unclear whether Mrs. Loyd had a sufficient opportunity for observation because, according to evidence currently known to the Court, she was asleep when the collision occurred and was injured so severely that she was removed from the scene immediately after the accident.

phrasing of the question. The Court will decide particular issues of admissibility under Rule 701 upon contemporaneous objections at trial.

### 3.     Accident Report

Plaintiff seeks to exclude certain parts of the "Official Oklahoma Traffic Collision Report" prepared by the investigating officer, Trooper Hazle, containing his opinions of fault and causation and statements given by two eyewitnesses. Defendants respond by pointing to their Motion regarding the report and stating they do not object to an order consistent with the position taken in their brief. *See* Resp. Br. at 6; Defs.' Mot. at 4-6.

After comparing the parties' positions, the Court concludes that the parties are not in complete agreement regarding the accident report. Plaintiff contends the report satisfies the "public records" exception to the hearsay rule in Rule 803(8) but certain statements within the report are double hearsay and inadmissible because they do not fall within another hearsay exception. Defendants argue that the accident report does not satisfy any exception to the hearsay rule and should be entirely excluded.

Upon consideration, the Court finds that Defendants' argument is overbroad and imprecise, addressing only the same parts of the accident report to which Plaintiff objects. The accident report is a public record that contains matters personally observed by Trooper Hazle while under a legal duty to report. *See* Fed. R. Evid. 803(8)(A)(ii).[5] His record of the date and approximate time of the accident, the persons involved, the facts and

---

[5] It could also be considered a public record that contains factual findings from a legally authorized investigation under Rule 803(8)(A)(iii), or a business record under Rule 803(6). *See United States v. Snyder*, 787 F.2d 1429, 1434 (10th Cir. 1986).

4

conditions he observed, the location of the accident, and a diagram of the scene are matters that fall within the public records exception. However, Trooper Hazle's narrative opinion on page 4 and the witness statements attached as pages 5 and 6 do not satisfy the exception. *See* Pl.'s Mot., Ex. 4 [Doc. No. 118-4]; Defs.' Mot., Ex. 1 [Doc. No. 114-1]. Thus, these parts of the accident report are inadmissible and should be excluded. If Plaintiff intends to offer the accident report as a trial exhibit, a redacted version should be used.

Based on the parties' agreement regarding inadmissible parts of the accident report, the Court anticipates no evidentiary objection at trial. Thus, the Court finds that Plaintiff's Motion to exclude parts of the accident report is moot and, therefore, denied.

**B.     Defendants' Motion in Limine**

Defendants move to exclude numerous anticipated subjects of inquiry and exhibits listed by Plaintiff. The Court proceeds to address the contested issues.[6]

    **1.     Safety Rating and Profile of RAS Trucking**

Defendants seek to exclude evidence of safety information collected under Federal Motor Carrier Safety Act ("FMCSA") regulations and "unsatisfactory" ratings issued to Salazar's company, RAS Trucking. Defendants contend the data shows citations for compliance issues, such as hours of service and equipment violations, unrelated to the subject accident. *See* Defs.' Mot. at 1 & Ex. 3 [Doc. No. 114-3]. Even if relevance is

---

[6] One subject to which Defendants object – Salazar's prior criminal conviction – is not contested; Plaintiff states he will not present evidence of the conviction at trial. Thus, this part of the Motion is moot. Defendants' Motion also address topics (the accident report and opinion testimony by Trooper Witt) that are discussed *supra*, and will not be addressed a second time.

shown, Defendants assert that the evidence should be excluded under Rule 403 due to the danger of unfair prejudice and under Rule 404 as evidence of character or prior bad acts.[7]

Plaintiff responds that the safety ratings assigned by the United States Department of Transportation ("DOT") to Salazar's company and the citations the company received for safety violations are relevant to show Salazar's general lack of concern for public safety and to allow the jury to assess punitive damages. Plaintiff does not address Defendants' position that any evidence of FMCSA safety citations must be connected to the issues of fault and causation for the accident in this case.[8]

Upon consideration, the Court finds itself unable to determine the admissibility of FMCSA safety data on the present record. Regarding relevance, the Court rejects Plaintiff's argument that a "conditional" or "unsatisfactory" safety rating and a record of safety citations are automatically relevant in a negligent entrustment case where punitive damages are sought. *See* Pl.'s Resp. Br. at 2. Some connection between an unsafe practice and the conduct causing injury is required. *See, e.g.*, *Timmons v. Royal Globe Ins. Co.*, 653 P.2d 907, 918 (Okla. 1982) ("the cause of the [plaintiff's] injuries and the harm done to society by that genre of conduct" are material to punitive damages). The Court believes

---

[7] In a reply brief, Defendants make an additional Rule 403 argument that understanding this evidence requires knowledge of the trucking industry and it would be unduly prejudicial to admit the evidence without an explanation from an expert witness, which Plaintiff lacks. Defendants rely on case law holding that certain matters, such as professional standards of care, require expert testimony. The Court finds this new argument to be improperly raised for the first time in a reply brief (not responsive to Plaintiff's argument) and unpersuasive.

[8] Plaintiff also does not address the particular exhibit submitted by Defendants (Defs.' Ex. 3), which is a voluminous DOT response to Defendants' FOIA request regarding Salazar. However, it does not appear from the Final Pretrial Report that Plaintiff has listed these documents as a trial exhibit.

that a poor attitude toward public safety in general – untethered to the facts of the case – is not a proper basis to award punitive damages.

The Court finds the particular evidence that Plaintiff proposes, a DOT "Summary of Violations" for Salazar's company, lacks sufficient detail to determine whether any violation relates to conduct similar to the alleged conduct in this case, and the summary is not limited to the time frame represented in Plaintiff's brief. *See* Pl.'s Resp. Br. at 2-4 & Ex. 2 [Doc. No. 125-2]. In short, the Court lacks sufficient information to assess the relevance of Plaintiff's evidence under Rule 401 or to perform the balancing test required by Rule 403.[9] Also, on the present record, the Court cannot evaluate Defendants' argument that the safety citations constitute character or "bad acts" evidence under Rule 404.

Therefore, Defendants' Motion regarding FMCSA data and safety ratings is denied, but Plaintiff is directed to advise Defendants and the Court before offering evidence of FMCSA citations at trial so Defendants' objections can be resolved outside the presence of the jury.

**2. Insurance Coverage**

Defendants object under Rule 411 to all evidence of insurance coverage for this case. Plaintiff responds that Rule 411 makes evidence of liability insurance inadmissible only for some purposes and he intends to offer it for a permissible purpose.

---

[9] Pursuant to Fed. R. Evid. 403: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury . . . ." Where "unfair prejudice" within the meaning of Rule 403 is shown, "it must *substantially* outweigh the probative value of the evidence in order to be excluded under Rule 403." *United States v. Tan*, 254 F.3d 1204, 1211-12 (10th Cir. 2001) (emphasis in original).

Upon consideration, the Court finds that some testimony from which the jury may infer the existence of Salazar's liability insurance policy is unavoidable. One of Plaintiff's witnesses is the assigned claims adjuster, who testified during her deposition about conversations with Salazar regarding his duty to preserve records related to the accident. Given the Order of July 19, 2021 [Doc. No. 133], granting in part Plaintiff's Motion for Sanctions for Defendants' Spoliation of Evidence, the Court finds that all evidence of insurance coverage cannot be excluded. However, the Court expects any testimony regarding insurance coverage to be very limited and tailored to the narrow purpose argued by Plaintiff. To this extent, Defendants' Motion regarding insurance coverage is denied.

### 3. Out-of-State Driver Manuals

Defendants object to Plaintiff's trial exhibits and any witness testimony regarding provisions of the commercial driver license (CDL) handbooks or manuals from the States of Florida and Texas. Defendants argue that the manuals are hearsay, out-of-state manuals "are irrelevant because this accident occurred in Oklahoma," and if any manual is admitted, only a portion of an Oklahoma driver's manual regarding safe speed is relevant in this case. *See* Defs.' Mot. at 9-10 & Ex. 9 [Doc. No. 114-9].

Plaintiff responds that the Florida and Texas CDL handbooks provide relevant evidence of the driver training that Carrazana received, or should have received, because he received CDL licenses in those states near the time of the accident. Both handbooks have identical provisions – § 2.12, Driving in Fog – that show the information a CDL driver is given regarding operating a commercial motor vehicle under weather conditions that allegedly existed at the time of the accident. *See* Pl.'s Resp. Br., Ex. 5 & Ex. 6 [Doc.

Nos. 125-5 and 125-6]. Plaintiff asserts that Oklahoma's CDL handbook contains the same provision. *Id*. Ex. 7 [Doc. No. 125-7]. Plaintiff argues that the handbooks are not hearsay or are admissible under the public records exception.

Upon consideration, the Court finds Plaintiff's argument to be more persuasive, except he has not shown the hearsay exception for public records applies. Carrazana testified during his deposition that he studied CDL manuals in truck driving school. Although his testimony was unclear as to the specific materials, the unanimity between the handbooks on the relevant provision – Driving in Fog – raises a reasonable inference that Carrazana received similar information during his CDL training or course of study. If admitted for the purpose of showing safety information available to CDL drivers, the manuals are not hearsay because they are not being offered for the truth of the matter asserted (that particular conduct is a safe driving practice) but to show Carrazana's access to or knowledge of pertinent safety advice. If offered for this limited purpose, the Court finds that the CDL manuals are admissible with an appropriate jury instruction.[10] Subject to these conditions, Defendants' Motion to exclude the CDL manuals is denied.[11]

---

[10] If a contemporaneous request is made, the Court will give a limiting instruction when the CDL manuals are admitted that explains their evidentiary purpose to the jury. A proposed jury instruction should be submitted in advance of trial.

[11] For the first time in a reply brief, Defendants argue that the CDL manuals are "not self-explanatory" but would require expert testimony to assist the jury in understanding and applying them. *See* Defs.' Reply Br. at 6. Because Plaintiff has not designated a trucking expert, Defendants assert that admitting the manuals would create a substantial risk of undue prejudice and jury confusion. The Court finds this argument to be untimely, and in light of the limited purpose for which the manuals will be admitted, they do not pose an undue risk of prejudice or confusion.

9

### 4. "Reptile" Arguments

Defendants ask the Court to prohibit Plaintiff from "employ[ing] a strategy known as the 'Reptile Theory,'" by which attorneys "encourage jurors to decide cases based on a subconscious desire to protect themselves and their loved ones from the danger posed by the allegedly negligent behavior of any defendant." *See* Defs.' Mot. at 10 (internal quotation omitted). Defendants express concern based on questions posed by Plaintiff's counsel during Salazar's deposition, that Plaintiff may use a trial tactic that "focuses jurors on whether a defendant violated a general 'safety rule' that could have potentially injured the juror or the jury's family and community." *Id*. at 11, 13. Defendants contend this tactic distorts the negligence standard by encouraging jurors to apply a heightened degree of care and consider whether the accident was preventable. Defendants also argue that, like improper "Golden Rule" arguments, the tactic may generate an emotional response and cause jurors to decide the case based on personal bias rather than trial evidence. *Id*. at 12.

Plaintiff responds that a pretrial order restraining a litigant's use of a trial strategy is not an accepted approach to dealing with an attorney's improper examination of witnesses or arguments to the jury. Plaintiff contends that Defendants' concerns are best addressed in the context of the trial based on specific, contemporaneous objections to improper questions and arguments.

Upon consideration, the Court agrees with Plaintiff's position. The Court finds that a pretrial ruling is not a workable means to address Defendants' objections to improper questions or closing argument by Plaintiff's counsel, if any should occur. Although the Court agrees with Defendants that improper trial tactics should be avoided, the Court

declines to issue a categorical ruling in advance of trial but, instead, invites Defendants to make contemporaneous trial objections. For these reasons, Defendants' Motion regarding reptile arguments is denied.

### 5.     Carrazana's National Origin and English Language Proficiency

Defendants ask the Court to bar Plaintiff from inquiring into Carrazana's national origin (Cuba) and his English fluency. Defendants contend these subjects are irrelevant to the trial issues and should be excluded under Rule 403 as creating a substantial risk of undue prejudice from speculation about Carrazana's immigration status. Defendants argue that Carrazana's citizenship and his language skills have no bearing on his competence to operate a commercial motor vehicle or his alleged negligence in causing the accident.

In response, Plaintiff agrees that Carrazana's national origin is irrelevant but disputes Defendants' view of Carrazana's English language comprehension. Plaintiff points out that Carrazana's CDL training and education on FMCSA rules occurred in English, even though he is not fluent in that language. Plaintiff argues that this information bears on the issue of whether Carrazana was qualified to operate the commercial vehicle he was driving, and whether Salazar could reasonably rely on the sole facts that Carrazana had a CDL license and had attended a truck driving school to determine his qualification.

Upon consideration, the Court finds that Carrazana's English language proficiency is a relevant topic.[12] Although Defendants argue that Plaintiff exaggerates the evidence

---

[12] From Plaintiff's concession that Carrazana's Cuban origin is not relevant, the Court assumes that Plaintiff will not inquire into this fact at trial and, thus, Defendants' objection to this evidence is moot.

regarding Carrazana's language skills, the Court finds that some inquiry into his English fluency will likely be necessary. The Court notes, for example, that Carrazana was deposed through interpreters. Depending on his current level of ability, a limitation on Carrazana's English language skills may be obvious or, at least, require an examination that would permit the jury to assess the accuracy of his testimony in English.

For these reasons, the Court finds that Defendant's Motion regarding Carrazana's national origin and English proficiency is denied.

**6.     Driver Logs and Business Records**

Defendants seek to exclude all evidence or argument regarding Salazar's destruction of Carrazana's driver logs, trip documents, and a driver qualification file mandated by FMCSA regulations. Defendants argue that the missing documentation is irrelevant to the trial issues and that introducing evidence of alleged misconduct by Salazar would violate Rule 404 and be unfairly prejudicial under Rule 403.

The Court recently addressed the parties' arguments regarding Salazar's spoliation of evidence in the Order of July 19, 2021 [Doc. No. 133]. Based on the findings in that Order, Plaintiff will be permitted to inquire into Salazar's alleged destruction of records regarding Carrazana, his driving, and the load he was hauling. Plaintiff needs to place in context for the jury the adverse inference instruction that the Court intends to give.[13] The Court finds that evidence of Salazar's destruction of documents is relevant; Defendants

---

[13] Evidence of Salazar's misconduct bears on the adverse inference that may be drawn under a spoliation instruction. *See*, *e.g.*, Okla. Unif. Jury Instr., § 3.11A. Also, the Court may need to consider in the context of the trial issues and evidence whether a sanction is warranted for Salazar's destruction of documents other than Carrazana's driver qualification file.

have not shown that its relevance is substantially outweighed by a danger of unfair prejudice; and the evidence is not offered for an impermissible purpose under Rule 404. Therefore, Defendant's Motion on this issue is denied.

### 7. Plaintiff's Employment at Family Dollar Store

Defendants assert that Plaintiff should be prevented from giving unreliable testimony about an unsubstantiated claim that he lost a prospective job at a retail store as a result of the accident. Defendants state that the store could produce no record of Plaintiff and no employment ever materialized. The Court agrees with Plaintiff that Defendants' argument goes to the weight of Plaintiff's testimony regarding prospective employment and not its admissibility. Defendants may argue their position to the jury regarding Plaintiff's credibility on this topic; the Court will not bar Plaintiff from testifying about it. Defendants' Motion on this issue is denied.

### 8. Quality of Carrazana's Truck Driving School

Defendants seek to prohibit Plaintiff from eliciting testimony from Carrazana that he did not pass his CDL driving test on the first attempt and that the driving school where he received CDL training permitted students to test multiple times. Defendants contend this testimony is irrelevant because FMCSA regulations do not limit the number of test attempts to complete the required driving skills test. Defendants ask the Court to prohibit Plaintiff from suggesting that Carrazana's truck driving school utilized improper testing practices or provided "sub-par training, given the lack of evidence that his school was not certified under the FMCSA." *See* Defs.' Mot. at 25.

In response, Plaintiff argues generally that evidence of deficiencies in Carrazana's training and qualifications is relevant to the negligent entrustment claim. *See* Pl.'s Resp. Br. at 14. However, Plaintiff does not address Defendants' particular objection to evidence of repeated testing or the quality of the truck driving school. Plaintiff seems to re-argue his point about language proficiency; he contends Carrazana repeated a "written exam [administered in English] until he had sufficiently memorized the answers" to achieve a passing score. *Id.*

Upon consideration, the Court finds that Plaintiff's theory of admissibility depends on evidence both 1) that Carrazana received deficient CDL training and 2) that Salazar knew, or should have known, of deficiencies that affected Carrazana's competency to drive the assigned truck (despite completing truck driving school and possessing a CDL license). The parties do not provide sufficient information in their briefs to permit a reasoned assessment of this issue.

For these reasons, the Court finds that it cannot make a pretrial ruling on the admissibility of evidence regarding alleged deficiencies in Carrazana's CDL training and testing. The Court will address Defendants' arguments in the context of the trial evidence upon contemporaneous objection. Therefore, Defendants' Motion regarding the quality of Carrazana's truck driving school is denied.

## Conclusion

In summary, the Court rules on the issues presented by the parties' Motions as follows:

- Plaintiff's Motion in all respects is denied;

- Subject to the conditions stated in this Order, Defendants' Motion to exclude FMCSA safety data for RAS Trucking is denied;

- Subject to the conditions stated in this Order, Defendants' Motion to exclude all references to insurance coverage is denied;

- Subject to the conditions stated in this Order, Defendants' Motion to exclude CDL manuals is denied; and

- Defendants' Motion to exclude "reptile" arguments and evidence regarding Carrazana's English language proficiency, Salazar's destruction of records, Plaintiff's employment at Family Dollar Store, and the quality of Carrazana's truck driving school is denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion in Limine [Doc. No. 118] is **DENIED** and Defendants' Omnibus Motion in Limine [Doc. No. 114] is **DENIED**, as set forth herein.

**IT IS SO ORDERED** this 23rd day of July, 2021.

TIMOTHY D. DeGIUSTI
Chief United States District Judge